UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JERMAINE ANDERSON | CIVIL ACTION NO. 25-0302 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SHREVEPORT BOSSIER RESCUE MISSION | MAG. JUDGE KAYLA D. MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is an unopposed Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendant Shreveport Bossier Rescue Mission ("Rescue Mission"). See Record Document 7. The motion seeks dismissal with prejudice of all claims brought by Plaintiff Jermaine Anderson ("Anderson") as conclusory and lacking any factual support. For the reasons assigned herein, the motion (Record Document 7) is **GRANTED**.

**BACKGROUND**

On March 10, 2025, Anderson filed suit against Rescue Mission in the Western District of Louisiana using a standard, *pro se* form.[1] See Record Document 1. On the form, Anderson represents that this Court has federal question jurisdiction over his claim. See id. at 3. Where the form requests a statement of the claim, Anderson writes "Civil Rights Violations, / Housing Discrim[in]ation." See id. at 4. Anderson seeks monetary

---

[1] On March 21, 2025, in a different matter, this Court issued sanctions against Anderson after it found that he continued to file frivolous lawsuits throughout the district—even after he was warned to cease from doing so. See Anderson v. Dept of Prop. Standards, No. 25-CV-0205, 2025 WL 890521 (W.D. La. Feb. 25, 2025), report and recommendation adopted, 2025 WL 889777 (W.D. La. Mar. 21, 2025). Because those sanctions were entered after Anderson filed the instant suit, this Court understands that those sanctions do not presently affect this case. However, the Court notes that the frivolous nature of this Complaint further supports the Court's finding that sanctions against Anderson were appropriate. Additional sanctions may be warranted.

damages between what appears to be $8,000 and $75,000. See id. On April 9, 2025, Rescue Mission filed the instant motion. See Record Document 7. The deadline to file an opposition passed on April 23, 2025. See Record Document 8. To date, the motion is unopposed.

## LAW AND ANALYSIS

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Additionally, courts must accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678-79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. In deciding

on a Rule 12(b)(6) motion to dismiss, courts generally "may not go outside the pleadings." Colle v. Brazos County, 981 F.2d 237, 243 (5th Cir. 1993).

Rescue Mission is correct that Anderson's Complaint fails to state a claim upon which relief can be granted. The Court recognizes that Anderson is a *pro se* plaintiff and thus is held "to a more lenient standard than lawyers." Chhim v. Univ. of Tex. at Austin, 836 F.3d 467, 469 (5th Cir. 2016). "[B]ut *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." Id. No matter how generously the Court reads Anderson's Complaint, there is no reading that raises his right to relief above the speculative level and satisfies the requirements of Federal Rule of Civil Procedure 8(a)(2). Anderson's Complaint simply names his causes of action, with no short and plain statement about any facts that would give rise to a right to relief. See Record Document 1.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that that the Motion to Dismiss Pursuant to Rule 12(b)(6) (Record Document 7) filed by Rescue Mission be and is hereby **GRANTED**. All of Plaintiff Jermaine Anderson's claims be and are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of April, 2025.

							_____
							JUDGE S. MAURICE HICKS, JR.
							UNITED STATES DISTRICT COURT